

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA KURTZ and LEO I. KURTZ, Wife and Husband, 710 8^(TH) Avenue Bethlehem, PA 18018<br><br>　　　　　Plaintiffs<br><br>　　　vs.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC., 311 Hartman Drive Lebanon, TN 37087<br><br>　　　　　Defendant | No.<br><br>IN CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW, Plaintiffs, Sara Kurtz and Leo I. Kurtz, Wife and Husband, by and through their attorneys, Hof & Reid, LLC, and file the within Complaint and in support thereof aver the following:

### THE PARTIES

1. Plaintiff, Sara Kurtz and Leo I. Kurtz, Wife and Husband, are adult individuals who at all times relevant hereto reside at 710 8th Avenue, Bethlehem, Pennsylvania, Pennsylvania, 18018. Hereinafter, the term "Plaintiff" shall refer to Plaintiff, Sara Kurtz, unless otherwise stated.

1

2. Defendant, Cracker Barrel Old Country Store, Inc. (hereinafter referred to as "Defendant") is believed to be a general partnership or other legal entity authorized to do business in the Commonwealth of Pennsylvania.

3. Defendant regularly conducts business at the premises located at 2525 Brindle Drive, Harrisburg, Pennsylvania, operating as "Cracker Barrel Store #374 (hereinafter referred to as the "Premises").

4. At all times relevant hereto, Defendant acted through its agents, servants, workmen, employees and/or representatives, with said individuals acting within the course and scope of their employment and/or agency.

5. At all times relevant hereto, Defendant owned, operated, managed, controlled and/or had dominion over the Premises of and the subject store.

## JURISDICTION

6. This Honorable Court has diversity jurisdiction pursuant to 28 U.S.C. A §1332, because diversity of citizenship of all parties exists and an amount in excess of $75,000.00 jurisdictional limit is demanded.

7. Venue is properly laid in the Middle District of Pennsylvania because the incident occurred within this district.

## FACTUAL BACKGROUND

8. At all times pertinent hereto, Plaintiff was a business invitee and was owed the highest duty of care by Defendant.



9. On or about the date of April 27, 2022, Plaintiff proceeded from her car in the parking lot area to the ladies' restroom of the Premises.

10. Upon entry to the ladies' room, Plaintiff proceeded to enter a bathroom stall.

11. As Plaintiff proceeded to open the bathroom stall door, the hinges came off the stall enclosure, the stall panel came off its hinges and fell to the ground on top of Plaintiff's foot. (A true and correct photograph depicting the incident location is attached hereto and marked as Exhibit "A").

12. At no time during the aforementioned event were there any signs in the subject area indicating that stall in question had a defective door/hinge.

13. As a result of the above-described incident, Plaintiff suffered severe and permanent injuries for which she received treatment directly following the incident.



14. Plaintiff believes and therefore avers that Defendant was aware of the aforementioned defective stall door/hinge, but neglected to take appropriate action to protect business invitees of the Premises.

15. Additionally, Plaintiff believes and therefore avers that Defendant failed to take appropriate action to prevent such incidents from occurring on the Premises.

**COUNT I – NEGLIGENCE**
**SARA KURTZ and LEO I. KURTZ, Wife and Husband, v.**
**<u>CRACKER BARREL OLD COUNTRY STORE, INC.</u>**

16. Plaintiffs incorporate by reference all preceding paragraphs set forth in this Complaint as though the same were set forth more fully herein at length.

17. On the aforesaid date, the defective bathroom stall panel/door used by business invitees of the Premises posed a hazardous condition to Plaintiff and those similarly situated.

18. It was the duty of Defendant to protect Plaintiff from conditions upon the Premises that it knew or should have known involved a hazardous condition and unreasonable risk of harm to Plaintiff and others similarly situated.

19. It was the duty of Defendant to protect Plaintiff from conditions upon the Premises that it knew or should have known, Plaintiff, or others similarly situated, would not discover or realize the danger then and there existing.

20. It was the duty of Defendant to, on a regular basis, inspect, maintain, and remove all defects from its property, and to ensure that the property was in a condition reasonably safe and free from defects and conditions rendering the property unsafe for Plaintiff and others similarly situated.



21. The release of the defected bathroom stall door/panel and resulting injuries to Plaintiff were caused by the negligence of Defendant who failed to exercise reasonable care in the maintenance of the aforesaid property.

22. On the aforesaid date, and at the aforesaid place, Defendant, by and through its agents, servants, workmen and/or employees, acting within the scope of its authority, were negligent in the following aspects:

a. In allowing the defective bathroom stall door/panel routinely used by customers and business invitees to have loose or unfastened hinges;

b. In leaving the loose and/or unhinged bathroom stall door/panel of the Premises to be unattended;

c. In failing to warn business invitees of the loose and/or unhinged bathroom stall door/panel on the Premises;

d. In allowing the loose and/or unhinged bathroom stall door/panel to remain available to business invitees despite the presence of a hazardous surface;

e. In failing to properly inspect the hazardous area of the ladies' restroom on the Premises where the Plaintiff was injured;

f. In failing to properly inspect the hazardous area of the ladies' bathroom on the Premises where it knew or should have known that customers, such as Plaintiff, regularly used;

g. In failing to hire employees who would be aware of the hazard created by the above-described conditions;

h. In failing to train their employees to warn business invitees of the presence of the hazardous condition on the Premises;

i. In failing to fix the loose and/or unhinged bathroom stall door/panel on the Premises; and



  j. In failing to ensure that the loose and/or unhinged bathroom stall door/panel on the Premises was visible to customers and business invitees lawfully using the ladies' room on the Premises.

23. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, the Plaintiff has suffered serious physical injuries to her person.

24. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, the Plaintiff has suffered mental anguish, physical pain and humiliation up to the date of the filing of this Complaint.



25. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, the Plaintiff will continue to suffer mental anguish, physical pain and humiliation into the future.

26. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, the Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of Plaintiff's age and circumstances, and Plaintiff has suffered a loss of enjoyment of life, loss of

happiness and loss of pleasure of life up to the date of the filing of this Complaint and will continue to suffer the same throughout the reminder of her life.

27. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, the Plaintiff has been caused to expend various and diverse sums of money for medical treatment, medication, therapy and rehabilitation.

28. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, the Plaintiff will be caused to expend various and diverse sums of money for medical treatment, medication, therapy and rehabilitation into the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against said Defendant in an amount that exceeds the amount required for diversity jurisdiction of this Court, exclusive of interest and costs. Plaintiffs further demand a trial by jury of twelve of their peers to determine their cause.



## COUNT II – LOSS OF CONSORTIUM
### LEO I. KURTZ v. CRACKER BARREL OLD COUNTRY STORE, INC.

29. Plaintiff incorporates by reference all preceding paragraphs set forth in this Complaint as though the same were set forth more fully herein at length.

30. The Plaintiffs were married at all pertinent times to the filing of this Complaint and remain so married as of the date of the filing of this Complaint.

31. As a direct and proximate result of the above-described negligence of the Defendant, Plaintiff, Leo I. Kurtz, has suffered the loss of affection, assistance and consortium of his wife that he would have received had she not been injured as a result of the negligence of the Defendant.

WHEREFORE, Plaintiff demands judgment in his favor and against said Defendant in an amount that exceeds the amount required for diversity jurisdiction of this Court, exclusive of interest and costs. Plaintiffs further demand a trial by jury of twelve of their peers to determine their cause.



Respectfully Submitted:

HOF & REID, LLC

Dated: 2/14/24

_____
Isaac A. Hof, I.D. No. 314094
CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem, PA 18020
Telephone: (610) 258-6184
Facsimile: (610) 258-0390
*Attorney for Plaintiffs*

## VERIFICATION

The undersigned having read the attached pleading verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signers. Signers verify that they have read the within document and that it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifiers have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Date: _2/14/24_  _Sara Kurtz_
Sara Kurtz

Date: _2/14/24_  _Leo I. Kurtz_
Leo I. Kurtz

# EXHIBIT "A"





